UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| SEAN WELLS and UNITED PHYSICAL THERAPY ASSOCIATION,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ROBERT F. KENNEDY, in his official capacity as Secretary of HEALTH AND HUMAN SERVICES,<br><br>　　　　Defendant. | Civil Action No. 3:25-cv-00919-WWB-MCR<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO CURE TECHNICAL DEFECT IN SERVICE** |

Plaintiffs, SEAN WELLS and UNITED PHYSICAL THERAPY ASSOCIATION, by and through undersigned counsel, hereby move for leave to cure a technical defect in service pursuant to Federal Rules of Civil Procedure 4(i)(4) and 4(m), and state as follows:

1. Plaintiffs commenced this action on August 12, 2025.

2. On August 25, 2025, Plaintiffs timely served Defendant, a federal officer sued in his official capacity, as well as the Attorney General of the United States. (Doc. 12).

3. After discussing the case with counsel for the Department of Health and Human Services, Plaintiffs have now determined that, although service was timely perfected on both the Defendant and the Attorney General,

1

service was inadvertently not completed on the United States Attorney for the Middle District of Florida as required by Rule 4(i)(2).

4. Federal Rule of Civil Procedure 4(i)(4)(A) provides that where a plaintiff has served either the United States Attorney or the Attorney General, "the court must allow a party a reasonable time to cure its failure to....serve a person required to be served under Rule 4(a)(2)...".

5. Plaintiffs timely served the Attorney General within the service period prescribed by Rule 4(m), thereby triggering the provisions of Rule 4(i)(4).

6. The failure to serve the United States Attorney was inadvertent and constitutes a technical defect in service, not a failure of diligence or bad faith.

7. Plaintiffs effectuated service upon the United States Attorney for the Middle District of Florida and filed proof of service on December 16, 2025.

8. Defendant has suffered no prejudice as a result of this technical defect. Defendant has already received actual notice of this action through service on both the Defendant and the Attorney General.

9. Good cause exists to permit Plaintiffs to cure service in light of:
   a. Plaintiffs' timely partial service under Rule 4(i);
   b. The cure provision of Rule 4(i)(4);
   c. The recent federal government shutdown, which materially disrupted federal litigation operations; and

    d.    The strong judicial preference for resolving actions on their merits.

10.    Even if good cause were not present, this Court retains discretion under Rule 4(m) to extend the time for service.

WHEREFORE, Plaintiffs respectfully request that the Court:

    A.  Grant Plaintiffs leave to cure service pursuant to Rule 4(i)(4); and

    B.  Deem service perfected.

Dated: January 5, 2026.                  Respectfully submitted,

                                                  /s/ Joshua Polk_____
JOSHUA POLK*
Cal. Bar No. 329205
ANASTASIA P. BODEN*
Cal. Bar No. 281911
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Tel: (916) 419-7111
JPolk@pacificlegal.org
ABoden@pacificlegal.org

*Special Admission*

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2026, I served this document via Certified Mail to all defendants.

/s/ Joshua Polk
Joshua Polk
Pacific Legal Foundation