**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SEAN WELLS AND UNITED PHYSICAL THERAPY ASSOCIATION,

     Plaintiffs,

v.                               Case No. 3:25-CV-00919-WWB-MCR

ROBERT F. KENNEDY, IN HIS OFFICIAL CAPACITY AS SECRETARY OF HEALTH AND HUMAN SERVICES,

     Defendants.

_____

## Uniform Case Management Report

     The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

     The parties conducted the planning conference on 3/24/2026. Joshua Polk and Cesar Azrak attended the conference.

2. **Deadlines and Dates**

     The parties request these deadlines and dates:[*]

---

     [*] Defendant does not believe that discovery is appropriate or necessary in this case, which turns on a purely legal question—namely, the constitutionality of a provision of the Medicare statute.  The below dates, however, reflect the parties' agreement in the alternative—*i.e.,* in the event that the Court disagrees with Defendant that this is a purely legal dispute, or chooses to authorize discovery prior to the resolution of Defendant's pending motion to dismiss. *See also infra* Part 10 ("Request for Special Handling").

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 4/3/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 4/17/2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).<br>Plaintiff | 9/4/2026 |
| Defendant | 10/5/2026 |
| Rebuttal | 11/6/2026 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 12/7/2026 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 1/20/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>Enter mediator's name, address, and phone number. | |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 7/31/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 8/6/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 8/13/2027 |
| Month and year of the trial term. | 8/1/2027 |

2

The trial will last approximately 3 days and be

☐  jury.

☒  non-jury.

Note: Defendant is of the view that because this case raises solely legal issues, a trial is neither necessary nor appropriate.

## 3.  Description of the Action

This action challenges a provision of the Medicare Act that prohibits physical therapists from opting out of Medicare and entering into private payment arrangements with Medicare beneficiaries. Plaintiffs contend that this exclusion violates the Fifth Amendment's guarantees of equal protection and due process and exceeds Congress's authority under the Commerce Clause. Defendant disputes these claims and maintains that the statutory scheme is lawful.  Defendant also views this case as one involving purely legal issues without need for factual development.  Plaintiffs view this case as primarily involving legal issues, but with factual development relating to the structure, purpose, and effects of the challenged provision.

## 4.  Disclosure Statement

☒  Each party has filed a disclosure statement using the required form.

## 5.  Related Action

☒  The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

## 6.  Consent to a Magistrate Judge

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

### 7. Preliminary Pretrial Conference

☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒ The parties do request a preliminary pretrial conference, and the parties want to discuss whether discovery should be authorized prior to resolution of the pending motion to dismiss (Doc. 26). Due to pre-planned travel and other personal obligations, the parties request that the preliminary conference be scheduled during the week of April 13th or later.

### 8. Discovery Practice

The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

### 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

  ☒ Yes.
  ☐ No; instead, the parties agree to these changes: enter changes.

4

B. Discovery may be needed on these subjects:

**Plaintiffs' Response**:

- The development, purpose, and justification of the Medicare opt-out provisions

- The comparative treatment of physical therapists and other healthcare providers under the Medicare opt-out framework, including any evidence or analysis suggesting that physical therapists present unique risks of fraud, abuse, or overutilization compared to other providers.

- The effects of the opt-out exclusion on access to care, continuity of care, and patient outcomes, including impacts in rural or underserved areas.

- The economic and operational impact of the exclusion on physical therapists and the Medicare program, including participation rates, opt-out behavior among other providers, and any evidence regarding program stability or disruption.

**Defendant's Response**:

- No discovery is necessary or appropriate in this case, which turns exclusively on legal issues.

C. Discovery should be conducted in phases:

☐  No.

☒  Yes; In accordance with the schedule proposed above, there should be two phases: 1) fact discovery and 2) expert discovery. Fact discovery should conclude within 6 months of the date of the 26(f) conference (9-24-26). Expert discovery, including rebuttal experts (if any), should be concluded within 2.5 months of the close of fact discovery, including expert depositions (12-07-26).*

\* As previously noted, Defendant believes that neither fact nor expert discovery is appropriate or necessary in this case.  But should the Court nonetheless authorize discovery prior to resolving Defendant's motion to dismiss, Defendant consents to the bifurcated discovery schedule proposed here.

D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒  No.
☐  Yes; describe the issue(s).

E.  ☒  The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence: None.

F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒  No.
☐  Yes; describe the stipulation.

## 10. Request for Special Handling

☐ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☒ Defendant unilaterally requests special handling. Specifically, Defendant requests that any discovery in this case occur only after the Court has resolved Defendant's pending motion to dismiss.  As Defendant's motion reflects, this case involves a purely legal dispute: whether Congress violated the federal Constitution by permitting some, but not all, healthcare professionals to opt out of the Medicare scheme for Medicare-eligible individuals.  That dispute requires a legal analysis of Congress's enumerated powers, the nature and scope of fundamental rights protected by the Constitution, and the nature and scope of suspect classifications protected by the Constitution.  None of those purely legal issues turns on disputed material facts for which discovery is necessary.

## 11. Certification of familiarity with the Local Rules

☒  The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

BRETT A. SHUMATE

Assistant Attorney General
Civil Division

MICHELLE BENNETT
Assistant Branch Director
Federal Programs Branch

/s/ Cesar Azrak
CESAR AZRAK
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 538-3491
cesar.e.azrak@usdoj.gov

*Counsel for Defendant*

MARCH 25, 2026

/s/ Joshua Polk

JOSHUA POLK*
Cal. Bar No. 329205
ANASTASIA P. BODEN*
Cal. Bar No. 281911
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
JPolk@pacificlegal.org
ABoden@pacificlegal.org

GLENN ROPER*
Co. Bar No. 38723
PACIFIC LEGAL FOUNDATION
1745 Shea Center Drive
Suite 400
Highlands Ranch, Colorado 80129
Tel: (916) 503-9045
GERoper@pacificlegal.org

*Special Admission
*Counsel for Plaintiffs*

March 25, 2026

7